UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RONALD CAIN, JR., | ) | |
| | ) | |
| Petitioner, | ) | 19 C 3748 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DONALD HUDSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

David Cain, Jr., a federal prisoner imprisoned in this District, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Docs. 1, 12. Cain was convicted in the Western District of New York of several serious offenses—including using fire to commit Hobbs Act extortion and using fire to destroy a civil aircraft, *see* 18 U.S.C. § 844(h)(1), and Hobbs Act extortion, *see* 18 U.S.C. § 1951—and sentenced to 660 months' imprisonment. Doc. 12-2 at 132-134. Cain appealed, and the Second Circuit affirmed. *United States v. Cain*, 671 F.3d 271 (2d Cir. 2012). Cain then pursued collateral relief under 28 U.S.C. § 2255, and his petition was denied. *United States v. Cain*, 2017 WL 1456980 (W.D.N.Y. Apr. 25, 2017). In this § 2241 petition, Cain challenges his §§ 844(h)(1) and 1951 convictions. His petition is dismissed.

## Background

The jury convicted Cain of Hobbs Act extortion, in violation of § 1951 (Counts 1, 5, 7); mail fraud, in violation of § 1341 (Count 3); using fire to commit mail fraud, in violation of § 844(h)(1) (Count 4); using fire to commit Hobbs Act extortion, in violation of § 844(h)(1) (Count 6, predicated on Count 5); destruction of a civil aircraft, in violation of § 32(a) (Count 11); using fire to destroy a civil aircraft, in violation of § 844(h)(1) (Count 12, predicated on

Count 11); destruction of a facility used in interstate commerce, in violation of § 844(i) (Count 13); witness tampering, in violation of § 1512(b) (Counts 14, 15); tampering with intent to hinder, prevent and delay law enforcement communication, in violation of § 1512(b)(3) (Count 17); conspiracy to tamper with evidence, in violation of §§ 1512(k) and 1512(c)(1) (Count 18); concealment of evidence, in violation of § 1512(c)(1) (Count 19); racketeering, in violation of § 1592(c) (Count 20); and racketeering conspiracy, in violation of § 1962(d) (Count 21). Doc. 12-2 at 132-133. As noted, he was sentenced to 660 months' imprisonment. *Id*. at 134.

On appeal, Cain argued, among other things, that there was insufficient evidence to sustain the Hobbs Act extortion convictions, that he was denied his Sixth Amendment right to counsel of his choice, that the evidence was insufficient to sustain his destruction of a civil aircraft and destruction of a facility used in interstate commerce convictions, and that one of his lawyers had a conflict of interest that deprived him of the effective assistance of counsel. 671 F.3d at 279-98. The Second Circuit affirmed. *Id*. at 303. The court declined to review the ineffective assistance of counsel claim on direct review, though it noted that Cain could raise that challenge under § 2255. *Id*. at 298-99. As to the extortion convictions, the Second Circuit held that "[t]he evidence was more than sufficient for the jury to conclude beyond a reasonable doubt that Cain's purpose was to frighten his victims into ceding their rights to compete … to him." *Id*. at 284. In so doing, the Second Circuit considered and rejected Cain's argument that "his conduct [could not] be described as obtaining the victims' property 'with [their] consent.'" *Id*. at 283 (second alteration in original).

Taking up the Second Circuit's invitation, Cain pursued his ineffective assistance claims in a § 2255 motion. 2017 WL 1456980, at *1. The district court denied § 2255 relief, *ibid*., and then denied Cain's subsequent motion under Civil Rules 52(b) and 59(e), *id*. at *2-5.

**Discussion**

As a general rule, 28 U.S.C. § 2255 "is the exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A savings clause codified at § 2255(e) provides that, in the event § 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention," a federal prisoner may petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Cain contends that § 2255 is inadequate or ineffective to test the legality of his detention and therefore that he should be able to bring a § 2241 petition. Doc. 1-1 at 2-3; Doc. 12 at 12-14.

The parties dispute whether the law of the circuit of conviction (Second Circuit) or the law of the circuit of confinement (Seventh Circuit) governs whether a § 2255 remedy is "inadequate or ineffective" within the meaning of § 2255(e). Doc. 12 at 13; Doc. 17 at 5-11; Doc 18 at 1-2. The dispute arises because it is easier under Seventh Circuit precedent than under Second Circuit precedent for a federal prisoner to clear the § 2255(e) "inadequate or ineffective" hurdle and proceed to a merits determination under § 2241. *Compare Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) ("A petitioner who seeks to satisfy § 2255(e)'s savings clause and thereby pursue relief under § 2241 must establish that (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice."), *with Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) ("[W]e have recognized only one [situation in which a petitioner can invoke the § 2255(e) savings clause]: cases involving prisoners who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised [their] claims[s] of innocence at an earlier time.") (third and

3

fourth alterations in original) (internal quotation marks omitted).  Although the Seventh Circuit has left open the choice of circuit law question, *see Chazen*, 938 F.3d at 860, it does allow district courts to bypass such preliminary questions if "th[e] case can be resolved most simply on the merits."  *Shepherd v. Krueger*, 911 F.3d 861, 863 (7th Cir. 2018).  That is the situation here, so the court will give Cain the benefit of the Seventh Circuit's more lenient § 2255(e) standard and proceed to the merits of his § 2241 claims.

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Cain challenges two of his § 844(h)(1) convictions (Counts 6 and 12) on the ground that Hobbs Act extortion and destruction of a civil aircraft do not qualify as predicate offenses under § 844(h)(1).  Doc. 1-1 at 4-11; Doc. 18 at 5-6.  That challenge cannot be squared with the statutory text.  Section 844(h)(1) provides for an additional term of imprisonment where the defendant "uses fire or an explosive to commit *any felony* which may be prosecuted in a court of the United States."  18 U.S.C. § 844(h)(1) (emphasis added).  Because Hobbs Act extortion and destruction of a civil aircraft are felonies that may be prosecuted in a federal court—under § 1951 and § 32(a), respectively—it necessarily follows that they are appropriate predicates under § 844(h)(1).  *See United States v. Konopka*, 409 F.3d 837, 839-40 (7th Cir. 2005) (holding that "the term 'any felony' in section 844(h) means any felony other than arson and conspiracy to commit arson").

Citing *Ocasio v. United States*, 136 S. Ct. 1423 (2016), Cain next challenges his § 1951 convictions on the ground that there was insufficient evidence to show, as required by the Hobbs Act, that he acquired property with his victims' consent.  Doc. 12 at 15-19.  As Cain admits, *id*. at 18, the Second Circuit considered and rejected his argument that there was insufficient evidence that the victims consented to his taking their property, 671 F.3d at 282-84.  He submits, however, that *Ocasio*, which the Supreme Court handed down after the Second Circuit ruled on

4

his appeal, narrowed the scope of what constitutes consent for purposes of Hobbs Act extortion. Doc. 12 at 19.

That argument fails as well. *Ocasio* did not narrow the consent element of Hobbs Act extortion; rather, *Ocasio* simply described it. *See Ocasio*, 136 S Ct. at 1435 ("As used in the Hobbs Act, the phrase 'with his consent' is designed to distinguish extortion ('obtaining of property from another, *with his consent*,' 18 U.S.C. § 1951(b)(2) (emphasis added)) from robbery ('obtaining of personal property from the person or in the presence of another, *against his will*,' § 1951(b)(1) (emphasis added)). Thus, 'consent' simply signifies the taking of property under circumstances falling short of robbery, and such 'consent' is quite different from the *mens rea* necessary for a conspiracy."). Given this, it is not surprising that *Ocasio*'s description of the consent element is fully consistent with how the Second Circuit described the element in addressing Cain's insufficiency of the evidence argument. *See Cain*, 671 F.3d at 283-84 ("The essential requirement to establish extortion is … that the victim retained some degree of choice in whether to comply with the extortionate threat, however much of a Hobson's choice that may be. … Although the cost associated with repairs and the threat of future violence might have been factors that weighed powerfully in the victims' decisions whether to cease their operations altogether or sell them to Cain, that is precisely the type of dilemma that the law of extortion embraces. The evidence was more than sufficient for the jury to conclude beyond a reasonable doubt that Cain's purpose was to frighten his victims into ceding their rights to compete—indeed their very businesses—to him, and that, by engaging in a campaign of vicious arson and vandalism against them, he had taken substantial steps toward accomplishing that goal.") (internal quotation marks and citation omitted). Because *Ocasio* did not change the law, Cain's

insufficiency of the evidence challenge fails on the merits for the reasons given by the Second Circuit.  *See ibid*.

## Conclusion

Cain's § 2241 petition is dismissed.  He does not need a certificate of appealability to appeal.  *See Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n.3 (7th Cir. 2015).

February 25, 2020

_____
United States District Judge