UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RONALD CAIN, JR., | ) | |
| | ) | |
| Petitioner, | ) | 19 C 3748 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DONALD HUDSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

David Cain, Jr., a federal prisoner imprisoned in this District, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. Docs. 1, 12. The court dismissed the petition and entered judgment. Docs. 21-23 (reported at 2020 WL 902892 (N.D. Ill. Feb. 25, 2020)). Cain moves for reconsideration under Civil Rules 52(b) and 59(e). Doc. 24. His motion is denied.

### Background

The court's prior opinion sets forth the pertinent background. In brief, a jury convicted Cain of sixteen counts, including Hobbs Act extortion, in violation of 18 U.S.C. § 1951; mail fraud, in violation of § 1341; using fire to commit mail fraud, in violation of § 844(h)(1); using fire to commit Hobbs Act extortion, in violation of § 844(h)(1); destruction of a civil aircraft, in violation of § 32(a); and using fire to destroy a civil aircraft, in violation of § 844(h)(1). Doc. 12-2 at 132-133. On appeal, Cain argued, among other things, that there was insufficient evidence to sustain his Hobbs Act extortion convictions. *United States v. Cain*, 671 F.3d 271, 279 (2d Cir. 2012). The Second Circuit affirmed, holding that "the jury had an ample evidentiary basis from which to conclude that [Cain] … engaged in a sustained campaign to intimidate [competitors] into handing over their businesses to him" and that "[t]he evidence was

1

more than sufficient for the jury to conclude beyond a reasonable doubt that Cain's purpose was to frighten his victims into ceding their rights to compete … to him." *Id*. at 282-84. In so doing, the court considered and rejected Cain's arguments that "his conduct [could not] be described as obtaining the victims' property 'with [their] consent'" and that "because the government introduced no evidence that through [Cain's] coercive conduct [he] obtained specific tree service jobs or a quantifiable portion of the tree-service market, it failed to carry its burden under *Scheidler*[ *v. National Organization for Women, Inc.*, 537 U.S. 393 (2003)]." *Id*. at 279, 283 (second alteration in original).

Cain then pursued ineffective assistance of counsel claims in a § 2255 motion. *United States v. Cain*, 2017 WL 1456980 (W.D.N.Y. Apr. 25, 2017). The district court denied § 2255 relief, *ibid*., and then denied Cain's subsequent motion under Rules 52(b) and 59(e), *id*. at *2-5.

Cain then brought the present § 2241 petition in this court, invoking the savings clause in § 2255(e). Docs. 1, 12. Because Cain's arguments could "be resolved most simply on the merits," *Shepherd v. Krueger*, 911 F.3d 861, 863 (7th Cir. 2018), the court considered the merits of his § 2241 claims and rejected them. 2020 WL 902892, at *2-3. First, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Cain challenged two of his § 844(h)(1) convictions on the ground that Hobbs Act extortion and destruction of a civil aircraft do not qualify as predicate offenses under § 844(h)(1). 2020 WL 902892, at *2. The court rejected that challenge based on the text of the statute. *Ibid*. Second, citing *Ocasio v. United States*, 136 S. Ct. 1423 (2016), Cain challenged his § 1951 convictions on the ground that there was insufficient evidence to show, as required by the Hobbs Act, that he obtained property with his victims' consent. 2020 WL 902892, at *3. The court held that *Ocasio* described, rather than narrowed, the consent element

of Hobbs Act extortion, and that its description was consistent with the Second Circuit's evaluation of his argument on direct appeal. *Ibid*.

**Discussion**

Cain moves for reconsideration under Rules 52(b) and 59(e). Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Amendment of the judgment is proper only when 'the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.'" *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (quoting *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Ibid*. (internal quotation marks omitted). A Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted).

In seeking reconsideration, Cain contends that: (1) "this court overlooked controlling law[] and facts"; (2) the Second Circuit's reasoning on direct appeal "has been abrogated by *Ocasio*"; and (3) this court "applied the wrong standard of review" in that it "did not find the facts specifically and … sep[a]rately as required by [Civil] Rule 52(a)." Doc. 24 at 3-6.

Cain's first and second arguments raise the same core argument as did his § 2241 petition—*i.e.*, that *Ocasio* altered the requirements of Hobbs Act extortion, such that his conduct no longer meets the statutory requirements for the offense. Doc. 12 at 12-20. On reconsideration, Cain maintains not just that *Ocasio* changed the definition of consent for Hobbs

Act extortion, but also that he was not properly convicted of extortion because "interfering with a person's rights is coercion, not extortion[,] because a right is not transferable property." Doc. 24 at 4-5. Relying on *United States v. Kirsch*, 903 F.3d 213, 227 (2d Cir. 2018), which he cursorily mentioned in his § 2241 petition, Doc. 12 at 19; Doc. 18 at 10 n.7, Cain posits that "the Second Circuit's application [in *Kirsch*] of a Supreme Court decision has opened the door to a previously foreclosed claim." Doc. 24 at 5. And citing *Chazen v. Marske*, 938 F.3d 851, 864 n.3 (7th Cir. 2019) (Barrett, J., concurring), Cain contends that "he is relying on both *Ocasio* and *Kirsch*" to challenge the Second Circuit's understanding of Hobbs Act extortion. Doc. 25 at 6 (emphasis omitted).

The trouble with Cain's argument is that the Second Circuit in *Kirsch* did not apply *Ocasio*. Rather, the cited portion of *Kirsch* rests on Supreme Court decisions—*Scheidler* and *Sekhar v. United States*, 570 U.S. 729 (2013)—that Cain could have invoked in his § 2255 motion, *Kirsch*, 903 F.3d at 227, and which therefore cannot undergird his § 2241 petition based on the § 2255(e) savings clause. *See Prevatte v. Merlak*, 865 F.3d 894, 898-99 (7th Cir. 2017) (holding that a § 2241 petitioner did not satisfy the § 2255(e) savings clause where he could have invoked his argument in his § 2255 motion). Moreover, the Second Circuit, "putting aside the substantial evidence from which the jury could infer that Cain … attempted to extort identifiable, tangible assets from" his victims, specifically considered *Scheidler* and rejected the argument that Cain rehashes here. *See Cain*, 671 F.3d at 279, 282-83.

Even were this court to consider the merits of Cain's invocation of *Kirsch*, his argument would fail. The Second Circuit in *Kirsch* distinguished situations where the defendant interfered with only the victim's non-transferable rights, which could constitute coercion, from situations where the defendant interfered with the victim's rights *and* attempted to obtain property himself,

4

which could constitute extortion, and held that Kirsch's conviction "meets the [extortion] requirement … that the targeted property be transferable." 903 F.3d at 227-28. On Cain's direct appeal, the Second Circuit took the same view of *Scheidler*, holding that Cain committed extortion because his "purpose in using violence against his victims was to acquire [their] market share … and to exploit it for his own enrichment." *Cain*, 671 F.3d at 283. *Kirsch* thus accords with *Cain*. And as explained further in this court's § 2241 analysis, "*Ocasio* did not change the law[ and] Cain's insufficiency of the evidence challenge fails on the merits for the reasons given by the Second Circuit." 2020 WL 902892, at *3. Cain therefore has demonstrated no error in this court's decision that requires a different result.

Rule 52(b) provides that "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Cain asks the court to make additional findings of fact on the ground that it "did not find the facts specifically and state its conclusions of law sep[a]rately as required by Rule 52(a)." Doc. 24 at 6-7. But Rule 52(a)(1) restricts its application to "an action tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1). By its own terms, Rule 52(a) does not require a court "to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). Rule 52(a) thus does not apply to this court's resolution of Cain's § 2241 petition.

**Conclusion**

Cain's motion for reconsideration is denied. This case remains closed.

April 2, 2020

_____
United States District Judge