UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RONALD CAIN, JR., | ) | |
| | ) | |
| Petitioner, | ) | 19 C 3748 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CHRIS RIVERS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

David Cain, Jr., a federal prisoner imprisoned in this District, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. Docs. 1, 12. The court dismissed the petition and entered judgment. Docs. 21-23 (reported at 2020 WL 902892 (N.D. Ill. Feb. 25, 2020)). Cain moved for reconsideration under Civil Rules 52(b) and 59(e), Doc. 24, and the court denied the motion, Docs. 29-30 (reported at 2020 WL 1639912 (N.D. Ill. Apr. 2, 2020)). After the court denied reconsideration, a supplemental memorandum that Cain had mailed to the court was entered on the docket. Doc. 31. This opinion addresses the supplemental memorandum.

The court's prior opinions set forth the pertinent background. In brief, a jury convicted Cain of sixteen counts, including mail fraud under 18 U.S.C. § 1341, using fire to commit mail fraud under § 844(h)(1), Hobbs Act extortion under § 1951, using fire to commit Hobbs Act extortion under § 844(h)(1), destruction of a civil aircraft under § 32(a), and using fire to destroy a civil aircraft under § 844(h)(1). Doc. 12-2 at 132-133. Cain appealed, and the Second Circuit affirmed his convictions. *United States v. Cain*, 671 F.3d 271, 303 (2d Cir. 2012).

Cain then pursued ineffective assistance of counsel claims in a § 2255 motion filed in the Western District of New York. *United States v. Cain*, 2017 WL 1456980 (W.D.N.Y. Apr. 25,

1

2017). The district court denied § 2255 relief, *id*. at *1, and then denied Cain's motion under Rules 52(b) and 59(e), *id*. at *2-5.

Cain then brought the present § 2241 petition in this court, invoking the savings clause in § 2255(e). Docs. 1, 12. The court considered Cain's § 2241 claims on the merits and rejected them. 2020 WL 902892, at *2-3. First, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Cain challenged two of his § 844(h)(1) convictions on the ground that Hobbs Act extortion under § 1951 and destruction of a civil aircraft under § 32(a) do not qualify as predicate offenses under § 844(h)(1). 2020 WL 902892, at *2. The court rejected that challenge based on the text of § 844(h)(1). *Ibid*. Second, citing *Ocasio v. United States*, 136 S. Ct. 1423 (2016), Cain challenged his § 1951 convictions on the ground that there was insufficient evidence to show, as required by the Hobbs Act, that he had obtained property with his victims' consent. 2020 WL 902892, at *3. The court held that *Ocasio* described, rather than narrowed, the consent element of Hobbs Act extortion, and that its description was consistent with the Second Circuit's evaluation of Cain's argument on direct appeal. *Ibid*.

Cain's supplemental memorandum sets forth what he believes to be additional grounds for reconsideration under Rule 59(e). Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Amendment of the judgment is proper only when 'the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.'" *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (quoting *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Ibid*. (internal quotation marks omitted). A Rule

2

59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted).

Citing *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), Cain contends in his supplemental memorandum that his § 32(a)(1) conviction does not qualify as a predicate offense under § 844(h)(1). Doc. 31 at 1. Specifically, Cain maintains that because § 844(h)(1) applies to any felony other than arson, *see United States v. Konopka*, 409 F.3d 837, 839 (7th Cir. 2005), his § 844(h)(1) conviction based on § 32(a)(1) cannot stand because a § 32(a)(1) offense can be "accomplished by a number of means including arson." Doc. 31 at 3. According to Cain, because a § 32(a)(1) offense can be accomplished in a variety of ways, it "sweeps more broadly than § 844(h)(1) does, and [thus] cannot be used as a predicate—for enhancement purposes" or "recidivism purposes." *Id*. at 5.

Cain's present argument mirrors an argument he made in his § 2241 petition—that because a § 32(a)(1) violation can be accomplished in ways other than the use of fire, and because § 844(h)(1) applies only where the defendant "uses fire or an explosive to commit any felony," § 32(a)(1) is broader than § 844(h)(1) and therefore cannot predicate the § 844(h)(1) conviction. As the court explained, 2020 WL 902892, at *2, that argument fails to persuade. "[T]he term 'any felony' in section 844(h) means any felony other than arson and conspiracy to commit arson." *Konopka*, 409 F.3d at 839. That § 32(a)(1) criminalizes the destruction of a civil aircraft committed by various means, including by fire, does not transform a § 32(a)(1) conviction into one for arson. And because destruction of a civil aircraft is a felony other than arson or conspiracy to commit arson, it is an appropriate predicate for the § 844(h)(1) conviction.

*See Konopka*, 409 F.3d at 839 ("Section 844(h) reflects the view of Congress that fire (or the use of explosives, which is also covered by the section) is especially dangerous because it can so easily get out of hand and cause widespread destruction and that therefore felonies effected by means of fire should be punished more severely than felonies effected by other means.").

Implicitly invoking *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Cain also contends that the sentencing court improperly determined that his conviction "related to the use of 'fire or an explosive'" for purposes of § 844(h)(1). Doc. 31 at 4. There is no *Apprendi* issue here. *See Cain*, 671 F.3d at 278 ("[T]he jury returned guilty verdicts against all three defendants. Defendant David Cain was convicted of … three counts of using fire to commit a felony (18 U.S.C. § 844(h)) … ."). Moreover, Cain could have raised that argument in his § 2241 petition but did not do so, thereby forfeiting it for purposes of Rule 59(e). *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) ("[I]t is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment.") (ellipsis and internal quotation marks omitted).

August 3, 2020  _____
United States District Judge

4